Opinion by KEEFE, J. In accordance with stipulation of counsel and cited cases, the court, in order to compensate for foreign substances on the outside of certain cheese, granted: (1) 2½ percent allowance for cheese similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstracts 42146 and 48269, and (2) an allowance for the weight of the paper or foil, or both, in which certain cheese was wrapped, following *Kraft Phenix Cheese Corp.* v. *United States* (T. D. 47955). Protests sustained to this extent.

No. 48940.—Protests 639442–G, etc., of E. Cerruti, Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and cited cases, the following allowances were made by the court to compensate for foreign substances on the outside of certain cheese: (1) 2½ percent for cheese similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstracts 42146 and 48269; (2) 1 percent for cheese similar to Reggiano cheese the subject of said C. D. 706; and (3) 2 percent for cheese similar to Moliterno cheese the subject of Abstract 41794.

OCTOBER 29, 1943

No. 48941.—SUIT 4382. ——— —*De Fremery &*
Co. v. *United States.* C. D. 587 modified. C. A. D. 253.

BEFORE THE FIRST DIVISION, NOVEMBER 3, 1943

No. 48942.—Protests 821890–G, etc., of Man Kee (Boston).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained to this extent.

No. 48943.—Protests 980150–G, etc., of Lun Tai & Co. et al. (San Francisco).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained to this extent.

No. 48944.—Protests 988406–G, etc., of Q. W. Lung Co. (Boston).